1  ERIC H. HOLDER, JR.
   Attorney General
2  LORETTA KING
   Acting Assistant Attorney General
3  Civil Rights Division
   DONNA M. MURPHY
4  Acting Chief
   CHARLA D. JACKSON
5  Trial Attorney
   E-mail: charla.jackson@usdoj.gov
6  Housing & Civil Enforcement Section
   Civil Rights Division
7  U.S. Department of Justice
   950 Pennsylvania Avenue, N.W. - G Street
8  Washington, DC 20530
   Tel: (202) 353-9705
9  Fax: (202) 514-1116

10 GEORGE S. CARDONA
   Acting United States Attorney
11 LEON W. WEIDMAN
   Chief, Civil Division
12 ERIKA JOHNSON-BROOKS
   Assistant United States Attorney
13 Calif. Bar No. _____
   E-mail: erika.johnson@usdoj.gov
14 1200 U.S. Courthouse
   312 North Spring Street
15 Los Angeles, CA 90012
   Tel: (213) 894-2434
16 Fax: (213) 894-0141
   Attorneys for Plaintiff
17 United States of America

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NARA BANK;
UNION AUTO SALES, INC., d/b/a
Union Mitsubishi;
HAN KOOK ENTERPRISES, INC., d/b/a
Los Angeles City Hyundai, Garden
Grove Hyundai, Han Kook Imports,
Vermont Chevrolet, and Han Kook Motors, Inc.

    Defendants.

CV09-7124 RGK (JCx)

COMPLAINT
(And Demand for Jury Trial)

Plaintiff, United States of America alleges:

1. The United States brings this action to enforce provisions of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f ("ECOA"), and its implementing regulations located at 12 C.F.R. Part 202 ("Regulation B").

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 15 U.S.C. § 1691e(h), and venue is appropriate pursuant to 28 U.S.C. § 1391(b) and (c).

3. Defendant Nara Bank is headquartered in Los Angeles, California and was founded in June 1989. As of May 2007, Nara Bank had assets of approximately $2.1 billion and is primarily a business lender, but offers a full range of banking services to consumers and businesses. As of May 2007, Nara Bank operated fourteen full-service branches in California and four in New York. It also had one loan production office located in each of the states of California, Colorado, Georgia, Illinois, New Jersey, Texas, Virginia, and Washington.

4. Defendant Union Auto Sales, Inc., d/b/a Union Mitsubishi ("Union Mitsubishi"), is the parent corporation that, at all times relevant to this action, owned and/or was affiliated with the Union Mitsubishi automobile dealership that participates in automobile lending in the State of California. Union Mitsubishi was incorporated in 1992 and has its headquarters and principal place of business in Los Angeles, California. Its primary business purpose is the retail sale of new and used automobiles. As of August 2008, the company employed 30 people, including officers, 10 of whom are employed at the dealership itself. As of July 2008, Union Mitsubishi had annual estimated sales of $11 million.

5. Defendant Han Kook Enterprises, Inc., d/b/a Los Angeles City Hyundai, Garden Grove Hyundai; Han Kook Imports; Vermont Chevrolet, and Han Kook Motors, Inc., ("HKE") is a corporation that, at all times relevant to this action, owned and/or was affiliated with these five named car dealerships ("the HKE dealerships") that participate in automobile lending in the State of California. HKE's headquarters and principal place of business is in Los Angeles, California, and its primary business purpose is the retail sale of new and used automobiles. As of July 2008, the company employed 35 people, including officers, and as of March 2008, had estimated annual sales of $12.3 million.

6. Two of the HKE dealerships, Los Angeles City Hyundai and Garden Grove Hyundai ("LAC&GG"), are not registered as corporations and are or were managed and owned by HKE at all times relevant to this action. The other three HKE dealerships, Han Kook Motors, Inc., Han Kook Imports, and Vermont Chevrolet, Inc., are or were registered corporations at all times relevant to this action, and are or were related through common principals and/or ownership to HKE at all times relevant to this action.

7. Union Mitsubishi and the five HKE dealerships have entered into agreements with Nara Bank so that each dealership can offer automobile financing to consumers. These agreements set forth the terms upon which Nara Bank will agree to purchase retail vehicle installment sales contracts and security agreements from Union Mitsubishi and the HKE dealerships.

8. Nara Bank, Union Mitsubishi, and HKE are creditors as defined by ECOA, 15 U.S.C. §1691(e) and by Regulation B, 12 C.F.R. 202.2(1).

9. On September 25, 2006, Federal Reserve System bank examiners conducted a consumer compliance examination of Nara Bank. The examination

included an evaluation of Nara Bank's compliance with fair lending laws and regulations in its indirect automobile lending program, in which the Bank made loans to customers who were buying cars through a network of automobile dealerships that arranged the loan terms with the customers. In addition to reviewing Nara Bank's policies, procedures, and internal controls, the examiners performed an analysis of indirect automobile loans offered to Asian and non-Asian borrowers to test the frequency and the amount of "dealer mark-ups" or "overages" charged. The Board of Governors of the Federal Reserve System ("the Board") found reason to believe that Nara Bank engaged in a pattern or practice of discrimination on the basis of race in the pricing of automobile loans in violation of Section 701(a) of the ECOA, 15 U.S.C. § 1691(a), and its implementing Regulation B, 12 C.F.R. § 202.4(a). Specifically, the examination found that in Nara Bank's indirect automobile lending program non-Asian borrowers, many of whom were Hispanic, were charged overages with more frequency and in greater amounts than Asian borrowers.

10. Pursuant to 15 U.S.C. §1691e(g) of the ECOA, the Board referred the matter to the Attorney General on May 16, 2007, for appropriate enforcement action, following the Board's determination described in Paragraph 9.

11. During the time period between January 1, 2004 and December 31, 2006, there were 17 dealerships in Nara Bank's indirect automobile lending network, including Union Mitsubishi and the five HKE dealerships. During this time period, loans made with Union Mitsubishi represented approximately 21% of Nara Bank's indirect automobile loans, and loans made with the five HKE dealerships represented approximately 40% of Nara Bank's indirect automobile loans.

12. In a typical indirect automobile financing transaction through Nara Bank, a dealership would obtain and complete customer applications, obtain customer credit reports, and verify income, among other customer characteristics, to make an initial determination whether an automobile loan applicant met Nara Bank's underwriting guidelines, as indicated on rate sheets that were provided on a regular basis to the dealerships in Nara Bank's lending network. If the dealership concluded that the applicant met the underwriting standards, the dealership and customer would sign a sales contract setting forth the agreed upon interest rate. This contract, reflecting the dealership as the creditor, would be forwarded to Nara Bank. Nara Bank would then order a new credit report and validate the dealership's underwriting and the pricing of the loan. If Nara Bank agreed to purchase the loan, it would send the dealer a "Notification of Acceptance." Under its agreements with the dealership, if Nara Bank did not accept the contract, it would provide the applicant with a notification of adverse action.

13. For each loan application referred by Union Mitsubishi, one of the five HKE dealerships, or another dealership to Nara Bank, or by Union Mitsubishi or HKE to another lender, the dealership uses a lender's "buy rate," which is a risk-related finance charge taking into account a consumer's credit risk and the terms of the deal. The "buy rate" is customarily communicated by the lender only to the dealership, not the consumer. The dealership then sets the "dealer mark-up" or "overage," a non-risk related finance charge that the dealership adds to the "buy rate." Typically, the dealership then discloses to the consumer the "contract rate," which equals the "buy rate" plus the "dealer mark-up."

14. Between at least January 2004 and December 2006, Union Mitsubishi and

the five HKE dealerships followed the procedures set forth in paragraphs 12 and 13. During that time period, Nara Bank provided Union Mitsubishi and the five HKE dealerships with rate sheets that reflected Nara Bank's underwriting standards and pricing policies. These rate sheets were updated periodically as new automobile models were introduced or as Nara Bank's rates changed. The rate sheets included the underwriting criteria for establishing the buy rate and other loan terms based on the credit tier of the applicant.

15. Pursuant to Nara Bank's agreements with Union Mitsubishi and the five HKE dealerships, the dealerships were permitted to charge overages to be shared between the dealership and Nara Bank, according to terms set forth on the rate sheets. The rate sheets given to Union Mitsubishi and the HKE dealerships by Nara Bank purported to limit the overage amount for which they would compensate the dealerships to between 200 and 300 basis points (between two and three percentage points). According to the dealership contracts with Nara Bank, if a dealership exceeded the cap[1] established by Nara Bank, it would not be paid any compensation for any amounts that exceed the overage cap. In that instance, Nara Bank would retain any excess overage above the cap. For loans with no overage, where the buy rate and the customer rate were the same, Nara Bank would pay the dealership a flat fee based upon the loan amount.

16. Union Mitsubishi does not use formal, written, uniform underwriting guidelines and procedures to set interest rate markups. Instead, employees

---

[1] The cap is referenced on Nara Bank rate sheets as the "dealer participation amount."

of the dealership are granted the discretion to engage in subjective decision-making and set overages within broad parameters.

17. HKE does not use formal, written, uniform underwriting guidelines and procedures to set interest rate markups. Instead, employees of the dealerships are granted the discretion to engage in subjective decision-making and set overages within broad parameters.

18. At least between January 2004 and September 2006, Nara Bank charged non-Asian customers, many of whom were Hispanic, higher overages than similarly-situated Asian customers. The differences in the overages between non-Asian customers receiving automobile loans from Nara Bank and those made to Asian customers cannot be explained fully by factors unrelated to race or national origin such as differences in the customers' creditworthiness. These differences are statistically significant.

19. At least between January 2004 and December 2006, Union Mitsubishi charged non-Asian customers, many of whom were Hispanic, higher overages than similarly-situated Asian customers. The differences in the overages between the automobile loans made to non-Asian customers of the dealership and those made to Asian customers cannot be explained fully by factors unrelated to race or national origin such as differences in the customers' creditworthiness. These differences are statistically significant.

20. At least between January 2004 and December 2006, the five HKE dealerships charged non-Asian customers, many of whom were Hispanic, higher overages than similarly-situated Asian customers. The differences in the overages between the automobile loans made to non-Asian customers of the dealerships and those made to Asian customers cannot be explained fully by factors unrelated to race or national origin such as differences in the

customers' creditworthiness. These differences are statistically significant.

21. As described in the preceding paragraphs, and at least between January 1, 2004 and September 30, 2006, Nara Bank has engaged in a pattern or practice of discrimination on the basis of race or national origin, as defined in ECOA, 15 U.S.C. § 1691e(h), and Regulation B, 12 C.F.R. 202.2(n), 202.4, and 202.6(b)(9).

22. As described in the preceding paragraphs, and at least between January 1, 2004 and December 31, 2006, Union Mitsubishi has engaged in a pattern or practice of discrimination on the basis of race or national origin, as defined in ECOA, 15 U.S.C. § 1691e(h), and Regulation B, 12 C.F.R. 202.2(n), 202.4, and 202.6(b)(9).

23. As described in the preceding paragraphs, and at least between January 1, 2004 and December 30, 2006, HKE has engaged in a pattern or practice of discrimination on the basis of race or national origin, as defined in ECOA, 15 U.S.C. § 1691e(h), and Regulation B, 12 C.F.R. 202.2(n), 202.4, and 202.6(b)(9).

24. Persons who have been victims of Nara Bank's pattern or practice of discrimination are aggrieved applicants under ECOA, 15 U.S.C. § 1691e, and have suffered injury and damages as a result of Nara Bank's conduct.

25. Persons who have been victims of Union Mitsubishi's pattern or practice of discrimination are aggrieved applicants under ECOA, 15 U.S.C. §1691e, and have suffered injury and damages as a result.

26. Persons who have been victims of HKE's pattern or practice of discrimination are aggrieved applicants under ECOA, 15 U.S.C. §1691e, and have suffered injury and damages as a result.

27. The discriminatory policies and practices of Nara Bank, Union Mitsubishi,

and HKE, as described herein, were intentional, willful, and were implemented with reckless disregard for the rights of non-Asian and Hispanic customers.

WHEREFORE, the United States prays that the Court enter an ORDER that:

(1) Declares that the policies and practices of the defendants constitute a violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f;

(2) Enjoins the defendants, their agents, employees, and successors, and all other persons in active concert or participation with the defendant, from:

    (a) discriminating on the basis of race or national origin in any aspect of their lending practices;

    (b) failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the defendants' unlawful practices to the position they were in but for the discriminatory conduct;

    (c) failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of the defendants' unlawful practices, including revising its decision-making process to eliminate considerations of race or national origin in the setting of overages for automobile loans; and providing policies, procedures, and guidelines to ensure that race or national origin is not a factor considered in making loan pricing decisions;

(3) Awards monetary damages to the victims of the defendants' discriminatory policies and practices for the injuries caused by the defendants, pursuant to 15 U.S.C. §1691e(h).

The United States further prays for such additional relief as the interests of justice may require.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the United States of America hereby demands a trial by jury of this action of all issues triable of right to a jury.

ERIC H. HOLDER, JR.
Attorney General

*/s/ Loretta King*
LORETTA KING
Acting Assistant Attorney General
Civil Rights Division

**GEORGE S. CARDONA**
**Acting U.S. Attorney**

*/s/ Steven H. Rosenbaum*
STEVEN H. ROSENBAUM
Chief
Housing and Civil Enforcement Section

*/s/ Donna M. Murphy*
DONNA M. MURPHY
Deputy Chief
CHARLA D. JACKSON
Trial Attorney
Email: charla.jackson@usdoj.gov
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W. - G St.
Washington, D.C. 20530
(202)353-9705 (phone)
(202)514-1116 (fax)

LEON W. WEIDMAN
Civil Chief, Civil Division

ERIKA JOHNSON
Assistant United States Attorney
Email: erika.johnson@usdoj.gov
Office of the United States Attorney
Central District of California
1200 U.S. Courthouse
312 North Spring Street
Los Angeles, CA 90012
(213)894-2434 (phone)
(213)894-0141 (fax)

Name & Address: DAVID WARD, ESQ.
COUNSEL FOR Union Mitsubishi
HALLSTROM, KLEIN & WARD, LLP
15615 ALTON PARKWAY
SUITE 175
IRVINE, CALIFORNIA 92618
(949) 450-8500

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV09-7124 RGK (JCx) |
| V. | |
| NARA BANK; UNION AUTO SALES, INC. d/b/a Union Mitsubishi; HAN KOOK ENTERPRISES, INC. d/b/a Los Angeles City Hyundai, Garden Grove Hyundai, Han Kook Imports, Vermont Chevrolet, and Han Kook Motors, Inc. DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within **20** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, **GEORGE S. CARDONA**, whose address is **UNITED STATES ATTORNEY, C.D. CALIFORNIA, 312 NORTH SPRING ST, LA, CA 90012**. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **30 SEP 2009**       By: **SHEA BOURGEOIS**
                                   Deputy Clerk

                                   (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

---

CV-01A (12/07)                    SUMMONS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

```
CV09- 7124 RGK (JCx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

COPY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

United States of America

**DEFENDANTS**

Nara Bank; Union Auto Sales, Inc. d/b/a Union Mitsubishi; Han Kook Enterprises, Inc. d/b/a Los Angeles City Hyundai, Garden Grove Hyundai, Han Kook Imports, Vermont Chevrolet, and Han Kook Motors, Inc.

(b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

(See attached complaint)

Attorneys (If Known)

Julie Stone (Nara Bank): 3731 Wilshire Blvd Ste. 100, LA, CA 90010

Steven Kim (HKE): 3701 Wilshire Blvd LA CA 90010

David Ward (U.M.): 15615 Alton Parkway Irvine CA 92618

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No
☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 444 Welfare | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 895 Freedom of Information Act | ☐ 220 Foreclosure | | ☒ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 865 RSI (405(g)) |
| ☐ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | | | | FEDERAL TAX SUITS |
| | ☐ 290 All Other Real Property | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

CV09-7124

**FOR OFFICE USE ONLY:** Case Number: _____

---

CV-71 (01/03)        CIVIL COVER SHEET        Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). **RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;
☐ B. Involve the same or substantially the same parties or property;
☐ C. Involve the same patent, trademark or copyright;
☐ D. Call for determination of the same or substantially identical questions of law, or
☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

IX. **VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☒ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Los Angeles

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Los Angeles

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ (United States)   Date  9/21/09

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |