THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division
STEVEN H. ROSENBAUM
Chief
DONNA M. MURPHY
Deputy Chief
CHARLA D. JACKSON
ROBIN L. DULL
BURTIS M. DOUGHERTY
Trial Attorneys
E-mail: charla.jackson@usdoj.gov
E-mail: robin.dull@usdoj.gov
E-mail: burtis.m.dougherty@usdoj.gov
Housing & Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W. - G Street
Washington, D.C. 20530
Tel: (202) 514-4713 Fax: (202) 514-1116

ANDRE BIROTTE, JR.
United States Attorney
LEON W. WEIDMAN
Chief, Civil Division
ERIKA JOHNSON-BROOKS
Assistant United States Attorney
Calif. Bar No.210908
E-mail: erika.johnson@usdoj.gov
1200 U.S. Courthouse
300 North Los Angeles Street
Los Angeles, CA 90012
Tel: (213) 894-2434 Fax: (213) 894-0141
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No: 09-7124 (RGK) (JCx) |
| NARA BANK; ) | |
| UNION AUTO SALES, INC., d/b/a ) | |
| Union Mitsubishi; ) | **Plaintiff United States' Notice of Motion and Motion for** |
| HAN KOOK ENTERPRISE, INC., ) | **Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b)** |
| d/b/a Los Angeles City Hyundai, ) | |
| Garden Grove Hyundai, Han Kook ) | |
| Imports, Han Kook Motors and ) | |
| Vermont Chevrolet; HAN KOOK ) | |
| IMPORTS, INC.; VERMONT ) | |
| CHEVROLET, INC.; HAN KOOK ) | |
| MOTORS, INC. ) | |
| Defendants. ) | |

**To Defendants and To Their Attorneys of Record:**

Please take notice that Plaintiff United States of America hereby moves for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). The motion is based on this notice and the attached motion, the papers on file herein, and any such matter as may be appropriate. The motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 24, 2010. The United States respectfully requests that its motion for a final judgment pursuant to Federal Rule of Civil Procedure 54(b) be granted.

Respectfully submitted this 3rd day of September, 2010.

| | |
|---|---|
| ANDRE BIROTTE, JR. | THOMAS E. PEREZ |
| United States Attorney | Assistant Attorney General |
| | Civil Rights Division |
| LEON W. WEIDMAN | STEVEN H. ROSENBAUM |
| Civil Chief, Civil Division | Chief |
| | Housing and Civil Enforcement Section |
| | /s/ Robin L. Dull |
| ERIKA JOHNSON-BROOKS | DONNA M. MURPHY |
| Assistant United States Attorney | Deputy Chief |
| Email: erika.johnson@usdoj.gov | CHARLA D. JACKSON |
| Office of the United States Attorney | ROBIN L. DULL |
| Central District of California | BURTIS M. DOUGHERTY |
| 312 North Spring Street | Trial Attorneys |
| Los Angeles, CA 90012 | Email: charla.jackson@usdoj.gov |
| (213)894-2434 (phone) | Email: robin.dull@usdoj.gov |
| (213)894-0141 (fax) | Email: burtis.m.dougherty@usdoj.gov |
| | Housing and Civil Enforcement Section |
| | Civil Rights Division |
| | U.S. Department of Justice |
| | 950 Pennsylvania Avenue, N.W. - G St. |
| | Washington, D.C.  20530 |
| | (202)514-4713 (phone) |
| | (202)514-1116 (fax) |

## MOTION TO CERTIFY FINAL ORDER

On May 28, 2010, this Court consolidated and granted motions to dismiss filed by two of the five corporate Defendants named in the United States' First Amended Complaint, Union Auto Sales, Inc. ("Union"), and Han Kook Enterprise, Inc. ("HKE"). Dkt. No. 62. On July 26, 2010, the United States filed a Notice of Appeal from the May 28 Order. Dkt. No. 63. Upon further review, it appears that the consolidated motions may have sought, and the May 28 Order may have granted, dismissal of the First Amended Complaint *only* as to those two Defendants, not to the First Amended Complaint as a whole. Therefore, pursuant to Federal Rule of Civil Procedure 54(b), the United States hereby moves the Court to direct entry of a final judgment with respect to Defendants Union and HKE in order to establish clearly that the dismissal of the First Amended Complaint is an appealable order. The United States also requests the Court stay this action with respect to the remaining Defendants during the pendency of the appeal.

### I. Procedural Background

On March 18, 2010, the United States filed its First Amended Complaint in this lawsuit. Dkt. No. 34. Among the changes in the First Amended Complaint, the United States named three additional defendants – Han Kook Imports, Inc. ("HKI"), Vermont Chevrolet, Inc. ("VC"), and Han Kook Motors, Inc. ("HKM"). None of these three defendants filed answers or motions to dismiss in response to the FAC. Defendants HKI and VC were served with summons and the amended complaint on May 25, 2010. Dkt. No. 65-1. VC filed a notice of bankruptcy on May 26, 2010, and the Court stayed proceedings as to VC on May 27, 2010. Dkt. No. 59. Counsel for HKI has represented that it does not intend to appear or make any filings in this case. HKM, the third defendant added in the FAC, despite best efforts, has not yet been located or served.

Union and HKE, the two defendants named in the both the initial complaint and the First Amended Complaint, filed motions to dismiss the First Amended

3

Complaint. Dkt. No. 46, 47. Upon close examination, the language used in those Motions creates some uncertainty about their scope and, consequently, the scope of the May 28 Order. HKE's Motion, Dkt. No. 46, asked at pages 2 and 11 that the First Amended Complaint "be dismissed as to Han Kook Enterprise", but also stated at page 1 that it was moving "to dismiss the First Amended Complaint." Similarly, Union's Motion, Dkt. No. 47, requested at page ii that the First Amended Complaint "be dismissed as to Union Auto Sales, Inc." but also stated at pages i and 10 that it sought dismissal of the First Amended Complaint.

The May 28 Order stated that the Court was granting Defendants' Motions to Dismiss. The inconsistent language used within each of the two Defendant's Motions creates uncertainty as to the scope of that Order. Neither the motions nor the Order explicitly addressed the claims as to three additional defendants named in the First Amended Complaint – HKI, VC, and HKM. Thus, it is unclear whether, by simply stating that it was granting the Motions to Dismiss, the Order granted dismissal of the First Amended Complaint only as to the two moving defendants or of the First Amended Complaint in its entirety.

## II. Discussion

If the May 28 Order is read as dismissing the First Amended Complaint only as to the two moving defendants, it is not a final order, and therefore, would not be appealable. Federal Rule of Civil Procedure 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See Frank Briscoe Co. v. Morrison-Knudsen, Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985) (order dismissing some, but not all, defendants, is not appealable final order).

In cases like this one involving multiple parties, Rule 54(b) permits a district court to "direct entry of a final judgment as to one or more, but fewer than all,

4

claims or parties . . . if the court expressly determines that there is no just reason for delay."  "A properly entered Rule 54(b) judgment is a 'final' appealable judgment for purposes of 28 U.S.C. § 1291." *S.E.C.* v. *Platforms Wireless Intern. Corp.*, 2010 WL 3218524, *4 (9th Cir. Aug. 16, 2010) (to be reported).

In determining whether to grant Rule 54(b) certification, the Court should make express findings with respect to two factors.  First, the Court should examine "'such factors as the interrelationship of the claims so as to prevent piecemeal appeals.'" *Platforms Wireless Intern.*, 2010 WL 3218524, *4 (quoting *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006)). Second, the certification of an order as a final judgment under Rule 54(b) must be reasonable and equitable with an eye toward "'severability and efficient judicial administration.'"  *Id.* (quoting *Cont'l Airlines, Inc. v. Good-year Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987).   Because the May 28 Order meets both requirements for Rule 54(b) certification, the Court should make the express findings required under the Rule and certify the order as a final order for appeal.

If the May 28 Order dismissed the United States' First Amended Complaint with respect only to Union and HKE, the two defendants sued in both the First Amended Complaint and the United States' initial complaint, it is conceivable that the remaining defendants could file subsequent motions to dismiss; however, any such motions likely would be analyzed by the Court in the same manner as the motions filed by Union and HKE and, similarly, would be granted.  The United States' claims against the remaining three defendants named in the First Amended Complaint are legally the same as those it asserted against Union and HKE, so an appeal now would effectively resolve the status of all of the claims brought by the United States in this action and would prevent piecemeal appeals of the same issue. In addition, due to the similarity of the claims against all defendants, it would constitute a needless expenditure of resources for the Court and the parties if the United States were required to continue to prosecute this litigation against the

remaining three Defendants until there was a final order with respect to all defendants. Therefore, certification of the May 28 Order for appeal pursuant to Rule 54(b), an appeal which the United States has already noticed, would be reasonable and equitable, and would promote efficient use of judicial resources.

The Court should stay the proceeding against Defendants HKI and HKM. Such a stay is appropriate because neither of these Defendants has responded to the First Amended Complaint. In addition, the Court has currently stayed the action with respect to VC in light of VC's notice of bankruptcy. The Court should leave the stay pertaining to VC in place, and enter a stay with respect to HKI and HKM, during the pendency of the appeal.

### III.  Conclusion

For the foregoing reasons, the United States respectfully requests that the Court certify the May 28 Order as a final order pursuant to Rule 54(b), and stay the proceedings against Defendants VC, HKI, and HKM during the pendency of any appeal.[2]

---

[2] Alternatively, the United States requests that the Court enter an Order clarifying that the May 28 Order dismissed the United States' First Amended Complaint in its entirety.

Respectfully submitted this 3rd day of September, 2010.

| | |
|---|---|
| ANDRE BIROTTE, JR.<br>United States Attorney | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division |
| LEON W. WEIDMAN<br>Civil Chief, Civil Division | STEVEN H. ROSENBAUM<br>Chief<br>Housing and Civil Enforcement Section |
| | _/s/ Robin L. Dull_____ |
| ERIKA JOHNSON-BROOKS<br>Assistant United States Attorney<br>Email: erika.johnson@usdoj.gov<br>Office of the United States Attorney<br>Central District of California<br>312 North Spring Street<br>Los Angeles, CA 90012<br>(213)894-2434 (phone)<br>(213)894-0141 (fax) | DONNA M. MURPHY<br>Deputy Chief<br>CHARLA D. JACKSON<br>ROBIN L. DULL<br>BURTIS M. DOUGHERTY<br>Trial Attorneys<br>Email: charla.jackson@usdoj.gov<br>Email: robin.dull@usdoj.gov<br>Email: burtis.m.dougherty@usdoj.gov<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W. - G St.<br>Washington, D.C.  20530<br>(202)514-4713 (phone)<br>(202)514-1116 (fax) |