THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division
STEVEN H. ROSENBAUM
Chief
JON M. SEWARD
Deputy Chief
CHARLA D. JACKSON
BURTIS M. DOUGHERTY
Trial Attorneys
E-mail: charla.jackson@usdoj.gov
E-mail: burtis.m.dougherty@usdoj.gov
Housing & Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W. - G Street
Washington, D.C. 20530
Tel: (202) 514-4713 Fax: (202) 514-1116

ANDRE BIROTTE, JR.
United States Attorney
LEON W. WEIDMAN
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Assistant Division Chief
Civil Rights Unit Chief, Civil Division
ERIKA JOHNSON-BROOKS
Assistant United States Attorney
Calif. Bar No.210908
E-mail: erika.johnson@usdoj.gov
300 North Los Angeles Street; Federal Building; Suite 7516
Los Angeles, CA 90012
Tel: (213) 894-0474 Fax: (213) 894-7819
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　Plaintiff, )<br>　　　　　　　v. )<br>　　　　　NARA BANK; )<br> )<br>UNION AUTO SALES, INC., d/b/a )<br>Union Mitsubishi; )<br>HAN KOOK ENTERPRISE, INC., )<br>d/b/a Los Angeles City Hyundai, )<br>Garden Grove Hyundai, Han Kook )<br>Imports, Han Kook Motors and )<br>Vermont Chevrolet; HAN KOOK )<br>IMPORTS, INC.; HAN KOOK )<br>MOTORS, INC.; VERMONT )<br>CHEVROLET, INC. )<br>　　　　　Defendants. ) | Case No: 09-7124 (RGK) (JCx)<br>**CONSENT DECREE** |

1.  This Agreed Order resolves fully and finally all claims of the United States that defendant Union Auto Sales, Inc. ("UAS" or "Union") violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691-1691f, and its implementing regulations, 12 C.F.R. Part 202 ("Regulation B").  The United States alleged that UAS engaged in policies and practices that discriminated against non-Asian customers who financed the purchase of automobiles and other vehicles.  Specifically, the United States alleged that UAS engaged in a pattern or practice of charging non-Asian customers higher "overages", or "dealer markups", than similarly-situated Asian customers by implementing a policy that gave its employees the subjective, unguided discretion to add a dealer markup to the final cost of a vehicle purchase loan based on factors unrelated to objective creditworthiness characteristics or transaction terms.

2.  UAS denies the United States' allegations.  It denies that it engaged in any policies or practices that violated the ECOA or Regulation B in the operation of its business.  This Order is a compromise of disputed allegations, and it is not intended to be, or to be interpreted as, an admission of liability or wrongdoing by UAS or any of its former shareholders or employees.  There has been no factual finding or adjudication of any matter alleged by the United States.  Rather, the parties have entered into this Order voluntarily to resolve the United States' allegations and avoid the risks and burdens of trial.

3.  Within thirty (30) days of entry of this Order, UAS shall deposit into an interest-bearing escrow account, maintained by an escrow holder designated by the United States, the sum of One Hundred and Twenty-Five Thousand Dollars ($125,000.00) ("Settlement Fund"), of which a minimum of $115,000 will be for the purpose of making payments to certain former UAS customers as provided herein who purchased cars or other vehicles from UAS and who financed those purchases between approximately January 1, 2004, and December 31, 2006, and up to $10,000 of the remainder will pay for the Settlement Fund administration.  UAS shall

2

provide written notice to the United States of this deposit within ten (10) business days thereafter.  Any interest that accrues shall become part of the Settlement Fund and be utilized as set forth herein.

4.  UAS has previously made available to the United States the files it had maintained for its customers during the time period relevant to this lawsuit.  The United States will review the information and data in these files and make a determination of those customers who will receive payment under this Order and the amounts to be paid to each.

5.  No UAS customer who was compensated previously pursuant to the United States' Consent Order with Nara Bank in this lawsuit or who was eligible for compensation under that Order shall be eligible to receive compensation from the Settlement Fund established pursuant to this Order.

6.  No former UAS customers shall be paid any amount from the Settlement Fund established hereunder until he or she has executed a written release in the form of Attachment A hereto.  The releases shall be provided to the United States, and it, in turn, shall deliver the executed releases to counsel for UAS or to whomever counsel may direct.

7.  The United States shall determine the deadline for the return of executed releases by former UAS customers, which shall be not later than one year from the date of entry of this Order.  At that time, the United States will provide the holder of the escrow account a list of the names and addresses of those former UAS customers who are to receive payment under this Order and the amount to be paid to each.  Within thirty (30) days of receipt of that list, the holder of the escrow account shall issue checks, in the amounts designated by the United States, to all those former UAS customers listed.  The amount to be paid to former UAS customers who have executed releases shall not exceed the principal amount in the Settlement Fund, together with accrued interest.

8.  UAS has agreed not to challenge the United States' identification of former UAS customers to receive payment under this Order  or the compensation amount it directs be paid to

3

each from the Settlement Fund.  The holder of the escrow account shall copy the United States on each check that is mailed from the Settlement Fund.

9.  UAS and its principal shareholder[1] represent that the corporation has been dissolved, that the corporation has not been in the automobile sales business since 2007, and that neither has an intention to return to the ownership or operation of an automobile sales business.

10.  Based on the representations contained in Paragraph10, the following provisions shall apply only in the event that either UAS, or its principal shareholder, at any time within two (2) years of the date of entry of this Order becomes actively engaged in the automobile sales business, either by USA resuming the business of automobile sales or its principal shareholder obtaining a majority ownership interest in an automobile sales business:

    a.  UAS, including its principal shareholder, is enjoined from engaging in any act or practice in violation of the ECOA;

    b.  At least thirty (30) days prior to engaging in such business, notify counsel for the United States[2] of the intent to do so;

    c.  At that time, provide the United States for its review and approval a proposed dealer policy designed to ensure ECOA compliance in the pricing of loans for the purchase of automobiles or other vehicles, and providing for periodic review of pricing decisions to determine such compliance;

    d.  At that time, identify an individual or entity, subject to approval of the United States, to provide appropriate training in the nondiscrimination requirements of ECOA to all owners, officers, and employees or agents who participate in any way in the pricing of loans for the purchase of automobiles or other vehicles;

---

[1]    Union will provide written identification of its principal shareholder to counsel for the United States within ten (10) days of entry of this Order.

[2]    All documents required by this Order to be sent to counsel for the United States shall be sent by overnight delivery service addressed as follows: Chief, Housing and Civil Enforcement Section; Civil Rights Division, United States Department of Justice; 1800 G Street, N.W., Suite 7002; Washington, DC 20006; Attn: DJ#188-12C-26; or as otherwise directed.

e.   At that time, provide a written document retention policy designed to ensure that appropriate information is collected and maintained so that an accurate review of the dealership's pricing policy and decisions can be performed to determine ECOA compliance; and

f.   Agree to appropriate reporting on no less than on an annual basis to the United States so that it can evaluate compliance with ECOA.

g.   The provisions of subparagraphs a. through f. shall be effective for a period of two (2) years from the date of notification provided in subparagraph b.

11.   Any time limits for performance of any act required by this Order may be modified by mutual written agreement of the parties.  This Order may be otherwise modified by written agreement of the parties only upon approval of the Court.

12.   The parties agree, as of the date of the entry of this Order, that litigation is not "reasonably foreseeable" concerning the matters described above.  To the extent either party previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described above, the party is no longer required to maintain such litigation hold.  Nothing in this paragraph relieves either party of any other obligations imposed by this Order.

13.   Upon entry of this Order, this action may be dismissed with respect to UAS, subject to being reopened upon motion of either party for the duration of its term, two years.  The United States may move the Court to extend the duration of this Order during its term upon motion in the interests of justice.

14.   The United States and UAS shall endeavor, in good faith, to resolve informally any differences regarding the interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution.  However, in the event of a failure by Defendant to perform, in a timely manner, any act required by this Order or otherwise for its failure to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law, including, but not limited to, an order requiring performance of such

act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorney's fees which may have been occasioned by the violation or by the failure to perform.

     15.  Each party to this Order shall bear its own costs and attorney's fees associated with this litigation.

          **IT IS SO ORDERED:**

Dated:  4th day of September, 2013.

_____
R. Gary Klausner
United States District Judge